Armen Shahinian (AS-8196)
Joseph Tripodi (JT-2986)
WOLFF & SAMSON PC

Jean-Marie L. Atamian (JMLA-9945)
Leslie E. Chebli (LC-4576)
MAYER, BROWN, ROWE & MAW LLP
*Attorneys for Fleet Capital Corporation*

RECEIVED-CLERK
U.S. DISTRICT COURT

2004 MAR -1 P 1:05

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FARASH & ROBBINS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FLEET NATIONAL BANK, AS SUCCESSOR OF SUMMIT BANK,<br><br>Defendant. | HONORABLE DENNIS M. CAVANAUGH<br><br>CIVIL ACTION NO: 03-CV-361 |
| FLEET CAPITAL CORPORATION,<br><br>Counterclaim and Third-party Plaintiff,<br><br>v.<br><br>FARASH & ROBBINS, INC.<br><br>Counterclaim-defendant,<br><br>and ISIDOR FARASH,<br><br>Third-party defendant. | |

**FLEET CAPITAL CORPORATION'S ANSWER**
**<u>TO THE SECOND AMENDED COMPLAINT</u>**

Fleet Capital Corporation ("Fleet Capital"), by its attorneys Wolff & Samson PC and Mayer, Brown, Rowe & Maw LLP, hereby answers the Second Amended Complaint ("SAC") as set forth below with regard to allegations other than those already dismissed by this Court pursuant to the Order, dated February 13, 2004. To the extent not specifically addressed below, Fleet Capital denies the allegations contained in the headings in the SAC. Pursuant to the Court's directive during the April 24, 2003 teleconference, Fleet Capital filed its counterclaims against Farash & Robbins, Inc. ("F&R") and third-party complaint against Isidor Farash ("Farash") on June 10, 2003.

F&R has named the wrong "Fleet" entity, Fleet National Bank, as the defendant in this action. Fleet Capital is the proper party and should have been named as the defendant, as Fleet Capital is the entity holding F&R's loans. Fleet Capital is the successor by merger with Summit Business Capital Corporation, which acquired F&R's loans and notes and Farash's guarantees from Summit Bank. Fleet Capital, therefore, objects to F&R's definition of "Fleet National Bank" as "Fleet" in paragraph "2" of the SAC and further objects to this definition throughout the SAC.

**Parties**

1. Fleet Capital states that it is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the SAC.

2. The allegations contained in paragraph "2" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Notwithstanding the foregoing, Fleet Capital admits that Summit Bank was a commercial lender.

**Background**

3. As to the allegations contained in paragraph "3" of the SAC, Fleet Capital respectfully refers this Honorable Court to the "term note" and "revolving line of credit" alluded to therein for their true and complete contents.

4. As to the allegations contained in paragraph "4" of the SAC, Fleet Capital respectfully refers this Honorable Court to the "revolving line of credit" referred to therein for its true and complete contents.

5. As to the allegations contained in paragraph "5" of the SAC, Fleet Capital respectfully refers this Honorable Court to the "Loan Modification Agreement," dated October 13, 1998, referred to therein for its true and complete contents.

6. As to the allegations contained in paragraph "6" of the SAC, Fleet Capital respectfully refers this Honorable Court to the "Loan Modification Agreement" dated March 27, 2000, referred to therein for its true and complete contents.

7. The allegations contained in paragraph "7" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to.

8. The allegations contained in paragraph "8" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to, except that Fleet Capital affirmatively states that in the spring of 2001, Mr. Casasus introduced Robert Wainright to Farash as F&R's new loan officer.

9. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third, fourth, fifth, sixth, seventh, eighth, ninth,

tenth, eleventh, twelfth, sixteenth, seventeenth, twenty-first, twenty-second, and twenty-third sentences of paragraph "9" of the SAC. As to the allegations contained in the second, thirteenth, fourteenth, fifteenth, eighteenth, nineteenth and twentieth sentences of paragraph "9" of the SAC, they are vague, ambiguous and lacking in particularity, and consequently, cannot be meaningfully responded to. Moreover, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "9" of the SAC, Fleet Capital denies them.

10. The allegations contained in paragraph "10" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Furthermore, Fleet Capital respectfully refers this Honorable Court to the Loan and Security Agreement, dated March 11, 1998, alluded to therein for its true and complete contents. Moreover, Fleet Capital denies the allegations contained in the third sentence of paragraph "10" of the SAC.

11. Fleet Capital denies the allegations contained in paragraph "11" of the SAC.

12. Fleet Capital denies the allegations contained in paragraph "12" of the SAC.

13. Fleet Capital denies the allegations contained in paragraph "13" of the SAC. Moreover, the allegations contained in paragraph "13" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to.

14. Fleet Capital denies the allegations contained in paragraph "14" of the SAC.

15. Fleet Capital denies the allegations contained in paragraph "15" of the SAC.

16. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the SAC. Nonetheless, to the extent that paragraph "16" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

17. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the SAC. Nonetheless, to the extent that paragraph "17" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

18. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the SAC.

19. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the SAC. Nonetheless, to the extent that paragraph "19" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

20. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the SAC. Nonetheless, to the extent that paragraph "20" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

21. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the SAC.

22. Fleet Capital admits the allegations contained in the first sentence of paragraph "22" of the SAC. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the SAC.

23. Fleet Capital denies the allegations contained in the first and fifth sentences of paragraph "23" of the SAC. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of paragraph "23" of the SAC.

24. The allegations contained in the first and second sentences of paragraph "24" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to, except that Fleet Capital states that, beginning in the Fall of 2001, it requested that F&R submit weekly borrowing base certificates to Fleet Capital. Nonetheless, to the extent that the first and second sentences of paragraph "24" of the SAC contain any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph "24" of the SAC.

25. The allegations contained in paragraph "25" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent paragraph "25" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

26. The allegations contained in paragraph "26" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "26" of the SAC contains any allegations of

wrongdoing against Fleet Capital, Fleet Capital denies them. Moreover, Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the SAC.

27. The allegations contained in paragraph "27" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "27" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them. Moreover, the allegations contained in the third sentence of paragraph "27" of the SAC call for a legal conclusion to which no admission or denial is required. Nevertheless, Fleet Capital denies that it ever made the "threat" alleged in the third sentence of paragraph "27".

28. The allegations contained in paragraph "28" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "28" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

29. The allegations contained in paragraph "29" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "29" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

30. The allegations contained in paragraph "30" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "30" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

31. The allegations contained in paragraph "31" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "31" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

32. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph "32" of the SAC. To the extent there are any allegations of wrongdoing against Fleet Capital in the first sentence of paragraph "32" of the SAC, Fleet Capital denies them. As to the allegations contained in the second sentence of paragraph "32" of the SAC, Fleet Capital respectfully refers this Honorable Court to the "contract" alluded to therein for its true and complete contents. Fleet Capital denies the allegation contained in the third sentence of paragraph "32" of the SAC that "Fleet rejected Farash's request" on or around "October 1, 2002" or at any other time for that matter. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the third sentence of paragraph "32" of the SAC that "Farash was a profitable company for each year between 1998 and 2001."

33. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the SAC. Nonetheless, to the extent that paragraph "33" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

34. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the SAC. Nonetheless, to the extent that

paragraph "34" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

35. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the SAC concerning "Farash's" purported application for "SBA Disaster Relief Funding." Nonetheless, to the extent that paragraph "35" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

36. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the SAC. Nonetheless, to the extent that paragraph "36" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

37. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the SAC.

38. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph "38" of the SAC. Moreover, to the extent that the first and second sentences of paragraph "38" of the SAC contain any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them. Furthermore, the allegations contained in the first and second sentences of paragraph "38" of the SAC call for a legal conclusion to which no admission or denial is required. The allegations contained in the third, fourth and fifth sentences of paragraph "38" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the

extent that there are any allegations of wrongdoing against Fleet Capital contained in the third, fourth and fifth sentences of paragraph "38" of the SAC, Fleet Capital denies them.

39. The allegations contained in paragraph "39" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to, except that Fleet Capital states that beginning in the Fall of 2001, it requested that F&R submit weekly borrowing base certificates to Fleet Capital. Nonetheless, to the extent that paragraph "39" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

40. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the SAC.

41. The allegations contained in paragraph "41" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "41" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

42. Paragraph "42" of the SAC states conclusions of law to which no response is required. Nonetheless, Fleet Capital denies each and every allegation of wrongdoing against Fleet Capital in paragraph "42" of the SAC. Moreover, Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Farash's" purported "opportunity to secure licenses."

43. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the SAC. Nonetheless, to the extent that

paragraph "43" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

44. Fleet Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Starboard" in paragraph "44" of the SAC. Moreover, Fleet Capital denies each and every allegation of wrongdoing against Fleet Capital in paragraph "44" of the SAC.

45. Fleet Capital states that on or about October 21, 2002, despite the fact that F&R had already committed several events of default, Fleet Capital provided F&R and Farash with 60 days written notice of default under the relevant credit facility. The allegations contained in the second sentence of paragraph "45" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent that paragraph "45" of the SAC contains any allegations of wrongdoing against Fleet Capital, Fleet Capital denies them.

**FIRST COUNT**

**(Breach of Contract)**

46. Fleet Capital repeats and realleges each and every answer in paragraphs "1" through "45" herein with the same force and effect as if repeated here in full.

47. The allegations contained in paragraph "47" of the SAC call for legal conclusions to which no admission or denial is required. Nonetheless, to the extent there are any allegations of wrongdoing in paragraph "47", Fleet Capital denies them.

48. The allegations contained in paragraph "48" of the SAC call for legal conclusions to which no admission or denial is required. Nonetheless, to the extent there are any allegations of wrongdoing in paragraph "48", Fleet Capital denies them.

49. The allegations contained in paragraph "49" of the SAC call for legal conclusions to which no admission or denial is required. Nonetheless, to the extent there are any allegations of wrongdoing in paragraph "49", Fleet Capital denies them.

**SECOND COUNT**

**(Negligent Misrepresentation)**

50. F&R's "Second Count" for "Negligent Misrepresentation" was dismissed by Order of this Court, dated February 13, 2004, and accordingly, Fleet Capital is not required to respond to the allegations set forth in Paragraphs "50" through "55" of the SAC.

**THIRD COUNT**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

51. Fleet Capital repeats and realleges each and every answer in paragraphs "1" through "49" herein with the same force and effect as if repeated here in full.

52. The allegations contained in paragraph "57" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "57" of the SAC, Fleet Capital denies them.

53. The allegations contained in paragraph "58" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Fleet

Capital respectfully refers this Honorable Court to the relevant loan documents for their true and complete contents.

54. The allegations contained in paragraph "59" of the SAC call for a legal conclusion to which no admission or denial is required.

55. The allegations contained in paragraph "60" of the SAC call for legal conclusions to which no admission or denial is required. In addition, the allegations contained in paragraph "60" of the SAC are vague, ambiguous and lacking in particularity, and consequently, cannot be meaningfully responded to. Nonetheless, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "60" of the SAC, Fleet Capital denies them.

56. The allegations contained in paragraph "61" of the SAC call for a legal conclusion to which no admission or denial is required. In addition, the allegations contained in paragraph "61" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "61" of the SAC, Fleet Capital denies them.

**<u>FOURTH COUNT</u>**

**(Consumer Fraud N.J.S.A. 56:8-2)**

57. Fleet Capital repeats and realleges each and every answer in paragraphs "1" through "49" and "51" through "56" herein with the same force and effect as if repeated here in full.

58. The allegations contained in paragraph "63" of the SAC call for legal conclusions to which no admission or denial is required. In addition, the allegations contained in paragraph "63" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be

meaningfully responded to. Nonetheless, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "63" of the SAC, Fleet Capital denies them.

59. The allegations contained in paragraph "64" of the SAC call for legal conclusions to which no admission or denial is required. In addition, the allegations contained in paragraph "64" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to, except that Fleet Capital states that, starting in the Fall of 2001, it requested that F&R submit weekly borrowing base certificates to Fleet Capital. Nonetheless, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "64" of the SAC, Fleet Capital denies them. Moreover, with respect to the third sentence of paragraph "64" of the SAC, Fleet Capital respectfully refers this Honorable Court to the loan document referred to therein for its true and complete contents.

60. The allegations contained in paragraph "65" of the SAC call for legal conclusions to which no admission or denial is required. In addition, the allegations contained in paragraph "65" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "65" of the SAC, Fleet Capital denies them.

61. The allegations contained in paragraph "66" of the SAC call for legal conclusions to which no admission or denial is required. In addition, the allegations contained in paragraph "66" of the SAC are vague, ambiguous and lacking in particularity and, consequently, cannot be meaningfully responded to. Nonetheless, to the extent there are any allegations of wrongdoing against Fleet Capital in paragraph "66" of the SAC, Fleet Capital denies them.

**FIFTH COUNT**

**(Common Law Fraud)**

62. F&R's "Fifth Count" for "Common Law Fraud" was dismissed by Order of this Court, dated February 13, 2004, and accordingly, Fleet Capital is not required to respond to the allegations set forth in paragraphs "67" through "71" of the SAC.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Fleet Capital denies all allegations in the SAC not specifically admitted herein.

**SECOND AFFIRMATIVE DEFENSE**

The SAC fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

F&R's claims are barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by the doctrine of mutual mistake.

**NINTH AFFIRMATIVE DEFENSE**

F&R has failed to mitigate damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Economic and business justifications existed for all of Fleet Capital's conduct challenged by F&R.

**ELEVENTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by F&R's own misconduct, bad faith and improper conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

F&R's claims of consumer fraud are barred, in whole or in part, because they are not plead with the requisite particularity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by the doctrine of unjust enrichment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any loss which F&R may have sustained as alleged in the SAC was caused in whole or part, or was substantially contributed to, by the wrongful conduct of F&R.

**FIFTEENTH AFFIRMATIVE DEFENSE**

F&R's claims are barred by the doctrine of in pari delicto.

**SIXTEENTH AFFIRMATIVE DEFENSE**

F&R is not entitled to the relief sought in the SAC because it breached its contractual obligations to Fleet Capital.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Fleet Capital reserves the right to assert additional affirmative defenses against F&R upon discovery of further information regarding F&R's claims and upon the development of other relevant information.

WHEREFORE, having fully answered the SAC and asserted Affirmative Defenses thereto, Fleet Capital requests that:

a. F&R's claims be dismissed in their entirety and with prejudice;

b. Fleet Capital be awarded its attorney's fees and costs incurred in defending this action; and,

c. Fleet Capital be granted such other and further relief as this Court deems just and proper.

Dated: March 1, 2004

By: ______________________
Armen Shahinian (AS-8196)

WOLFF & SAMSON PC
One Boland Drive
West Orange, NJ 07052
(973) 325-1500

-and-

Jean-Marie L. Atamian (JMLA-9945)
Leslie E. Chebli (LC-4576)
MAYER, BROWN, ROWE & MAW LLP
1675 Broadway
New York, NY 10019
(212) 506-2500

*Attorneys for Fleet Capital Corporation*