NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARASH & ROBBINS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FLEET NATIONAL BANK, as successor : <br> of SUMMIT BANK, : <br> : <br> Defendant. : <br> : <br> FLEET CAPITAL CORPORATION, : <br> : <br> Counterclaim and Third : <br> Party Plaintiff, : <br> : <br> v. : <br> : <br> FARASH & ROBBINS, INC., : <br> : <br> Counterclaim-Defendant, : <br> : <br> and : <br> : <br> ISIDOR FARASH, : <br> : <br> Third Party Defendant.. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 03-CV-361 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions filed by Defendant Fleet Capital Corporation ("Fleet") and by Plaintiff Farash & Robbins, Inc. ("Plaintiff"). Fleet moves for summary judgment on its counterclaims against Plaintiff for breach of contract 2) Isidor Farash

-1-

("Farash") for breach of contract and 3) Plaintiff and Farash for conversion. Plaintiff moves to dismiss all Fleet's counterclaims. Defendant moves and Plaintiff cross-moves for summary judgment on Plaintiff's claims against Fleet for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the New Jersey Consumer Fraud Act ("CFA").

No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. After carefully considering the submissions of all parties and for the following reasons, Fleet's motion for summary judgment, Plaintiff's motions for summary judgment, and Fleet's motion to dismiss are **denied**. Fleet's motion to dismiss with regard to Plaintiff's CFA claim is **granted**.

## I. BACKGROUND

Plaintiff originally brought this action in the New Jersey Superior Court, Law Division, Bergen County. Fleet removed the action to federal court on January 1, 2003 on the basis of diversity jurisdiction. On June 10, 2003, Fleet filed counterclaims against Plaintiff for breach of contract and conversion, and a third-party complaint against Isidor Farash ("Farash") for breach of contract. On February 13, 2004, this Court denied Fleet's motion to dismiss Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Consumer Fraud Act, and granted Fleet's motion to dismiss as to Plaintiff's claims for common law fraud, negligent misrepresentation, and punitive damages.

The parties are in agreement as to the following facts. Plaintiff is a vendor of watch assortments and is wholly owned by Farash. Pl's Opp. Br. at 5; Def. Mov. Br. at 8. In 1998, Plaintiff and Fleet's predecessor Summit Bank entered into a Loan and Security Agreement ("Loan Agreement"), to provide working capital to Plaintiff. Id. Plaintiff's availability under the credit facility was determined under a borrowing base formula consisting of a percentage of

Plaintiff's eligible accounts receivable and eligible inventory.  Id.  Throughout the relevant period, that financial information was provided to Summit Bank (and subsequently to Fleet) in borrowing base certificates ('BBCs").  Id.  The BBCs were prepared by Plaintiff .  Id.

Plaintiff's credit facility was modified twice, pursuant to Loan Modification Agreements, dated October 13, 1998 ("First Modification Agreement") and March 27, 2000  ("Second Modification Agreement").  Id.  The Second Modification, *inter alia*, increased the maximum principal amount of the credit facility to $1,500,000.00, and modified the borrowing base to up to 80% of Borrower's Eligible Accounts Receivable under 90 days from the original invoice date, plus up to 50% of the value of Borrower's eligible inventory on hand up to a maximum amount of $1,250,000.00.  Pl's Opp. Br. at 6; Def. Mov. Br. at 8.

## II. DISCUSSION

### A. Standard of Review

#### 1. Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact and it must prevail as a matter of law, or that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331.  If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts which support each element for which he bears the burden and must establish the existence of genuine issues of material fact.  Id.  The non-

moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed.R.Civ.P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### 2. Dismissal

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and must be viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## B. Fleet's Motion for Summary Judgment

The Court will first address the arguments raised in Fleet's motion for summary judgment.

### 1. Proper Party

In its May 30, 2003 motion to dismiss, Fleet asserted that Fleet National Bank, as

successor of Summit Bank, was incorrectly named as a Defendant in this action, and that Fleet Capital Corporation is instead the proper defendant.  This Court declined to dismiss Plaintiff's Complaint on this basis in its February 13, 2004, Opinion.  Fleet now asserts the same argument on summary judgment grounds, arguing that the evidence "conclusively confirms that FC is, indeed, the proper party."  In support of its argument, Fleet alleges the following facts:

> Plaintiff entered into the Loan Agreement and Third Note with Summit Bank, and Farash entered into a Limited Guarantee with Summit Bank.  On or about March 1, 2001, Summit Business Capital Corporation, then a unit of Summit Bancorp, acquired various loans from Summit as a contribution to capital, including the Loan Agreement, Third Note and Limited Guarantee.  Fleet Boston Financial Corporation acquired Summit Bancorp on March 1, 2005.  On December 30, 2002, Summit Business Corp. was merged into Fleet Capital Corporation.  Therefore, Fleet is the successor in interest to Summit as to the Loan Agreement, Third Note and Limited Guarantee.

Fleet's Mov. Brief at 9.  Fleet states that in light of the above, it is undisputable that Fleet is the proper party in this action.  Fleet has also provided an affidavit from Timothy Clarke, Senior Vice President and General Counsel of Fleet Capital Corporation, attesting to same, and including the merger certificate of Summit Business Capital into Fleet Capital Corporation.  (See Ex. 8, Cert. of Joseph Tripodi).

Plaintiff responds to Fleet's assertion by claiming that no documentation has been provided to support Fleet's allegation.  The Court finds this argument without merit.  The Court is satisfied with the proofs provided by Fleet, and thereby holds that Fleet Capital Corporation is the proper defendant in this litigation.

Nevertheless, despite the fact that Fleet is incorrectly named as a party, the Court finds this to be an understandable error because of the consecutive mergers between the various banking

institutions. As such, the Court does not find this to be grounds for dismissal or judgment as a matter of law. From here forward, however, Defendant will be properly identified as Fleet Capital Corporation.

**2. Breach of Contract**

Fleet moves for summary judgment on its counterclaim against Plaintiff for breach of contract. To prevail on a claim for breach of contract against Plaintiff, Defendant must prove that as a matter of law 1) a valid contract existed between Plaintiff and Fleet, 2) Plaintiff breached the contract; 3) Fleet performed its obligations under the contract and 4) Fleet was damaged as a result of the breach. Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 275 F.Supp 2d 543, 566 (D.N.J. 2003).

Both parties stipulate that a valid contract existed between Plaintiff and Fleet. However, the remainder of the necessary elements for breach of contract are indeed in dispute. In particular, Fleet contends that because of the alleged defaults by Plaintiff, and because the language of the Loan Agreement and Third Note is clear and unambiguous, it is entitled to judgment as a matter of law. Plaintiff, however, asserts that Fleet, by modifying the borrowing base and requiring more frequent reporting of financial information, breached the contract between the two parties.

The essence of Plaintiff's argument is that it was in fact Fleet who breached the contract and that Fleet's material breach relieved Plaintiff of its duty to perform under the contract. Plaintiff's argument is not without merit. See Travelodge Hotels, Inc. v. Elkins Motel Associates, Inc. 2005 WL 2656676, *5 (D.N.J. 2005). New Jersey courts have recognized the doctrine that a material breach by either party to a bilateral contract excuses the other party from rendering any further

performance. See Magnet Resources, Inc., v. Summit MRI, Inc., 318 N.J.Super. 275, 286 (App.Div.1998).

Although a review of the contract in question does seem to indicate that the contract is clear and unambiguous in its terms, Plaintiff's have alleged sufficient facts to entitle them to present their version of the facts as to Fleet's alleged breach of contract to a fact-finder. As such, Fleet's motion for summary judgment as to its claim for breach of contract against Plaintiff is denied.

**3. Limited Guarantee**

Fleet moves for summary judgment on its claim against Farash, owner of Plaintiff, for breach of the limited guarantee.

Section 2.11 of the Second Modification Agreement states "the unlimited guarantee of the Guarantor shall be changed to a limited guarantee up to $350,000." Ex. 40, Tripoldi Cert. The Limited Guarantee, signed by Isidor Farash, executed pursuant to Section 2.11 reads, in pertinent part, that "[t]he Undersigned hereby absolutely, unconditionally, and irrevocably guarantees to the Bank the prompt payment and other performance of the Obligations when each of such Obligations is due...for up to $350,000." Ex. 41, Tripoldi Cert. "Obligations" is defined as "all loans, advances, extensions of credit, debts, liabilities, obligations, payments, guaranties, covenants and duties owing by the Borrower to the Bank." Ex. 41, Tripoldi Cert. Fleet's argument is that the above terms of the Limited Guarantee are clear and ambiguous, and thus should be enforced as written.

In response, Farash acknowledges that a lender may seek enforcement of a guaranty in an action for breach of contract upon the borrower's default of the underlying obligation, but that the lender must first establish the Borrower breached the agreement and that the lender performed its

obligations under the agreement.

Because the Court has already determined that material facts exist as to whether Plaintiff did in fact breach the contract, it is premature to determine whether the Limited Guarantee has also been breached. In order for the limited guarantee to be triggered, it is obvious that the underlying obligation must also have been breached. As such, the Court must deny Fleet's motion for summary judgment as to breach of limited guarantee against Farash.

**4. Conversion**

By way of Section 3.1 of the Loan Agreement, in consideration for the Agreement, Plaintiff granted Summit Bank a "first priority security interest in and lien on all of the Borrower's right, title and interest in and to all of the property set forth on Schedule A." Ex 33, Tripodi Cert. Schedule A is an exhaustive list that includes, *inter alia*, Plaintiff's inventory and account receivable. Id. The record also indicates that Fleet perfected its security interest in the Schedule A Collateral by filing and renewing a UCC-1 financing statement in the Office of the Clerk of the County of Bergen, New Jersey and with the Office of the New Jersey Secretary of State. See Ex. 34- 35, Tripodi Cert.

The tort of conversion is defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alternation of their condition or the exclusion of an owner's rights." Philadelphia Reserve Supply Co. v. Nowalk & Assocs., 1995 U.S. Dist. LEXIS 9723, *36 (E .D. Pa.1995) (citing Slowinski v. Valley National Bank, 624 A.2d 85, 94 (1993)).

Defendant argues Plaintiff sold the Schedule A Collateral in violation of the Loan Agreement, thereby committing a wrongful conversion of Fleet's collateral. Additionally, Fleet

argues Farash as president and owner of Plaintiff, is personally liable to Fleet as president and owner of such collateral. In response, Plaintiff asserts that it had the right to sell the collateral and place the funds in its account. Additionally, Plaintiff claims that "the collateral has been lodged at [Plaintiff's] warehouse for the entire term of the loan and has been available to Fleet for their foreclosure or for any other remedy that it can perfect." Pl.'s Opp. at 17.

Defendant cites to various exhibits produced in its appendix in support of its argument. The Court has reviewed these exhibits and finds that genuine issues of material fact still exist as to whether Plaintiff did in fact convert property belonging rightfully to Fleet, or whether Plaintiff was justified in selling certain collateral and depositing money in its account. Thus, Fleet's motion for summary judgment against Plaintiff and Farash as to its conversion claim is denied.

### C. Plaintiff's Motion for Summary Judgment

#### 1. Breach of Contract

Plaintiff moves for summary judgment on its claim for breach of contract against Fleet. Because the Court finds that there are material issues of fact as to which party in fact breached the contract at issue, as discussed above, Plaintiff's request for summary judgment as to breach of contract is denied.

#### 2. Good Faith and Fair Dealing

Plaintiff seeks summary judgment on its claim for breach of the implied covenant of good faith and fair dealing. Its claim is rooted in its allegation that Fleet failed to act in a commercially reasonable manner when it reduced Plaintiff's borrowing base from $1,250,000 to $625,000 without justification.

-9-

A covenant of good faith and fair dealing is implied in every contract in New Jersey. See Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 588 (1997). The covenant mandates that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Id. However, courts have held that an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." Wilson v. Amerada Hess Corp, 733 A.2d 1121 (2001).

One of Plaintiff's main allegations in this action is that Fleet, without justification, reduced the borrowing base, thereby committing breach of contract. Because issues of material fact remains as to whether or not this actually occurred, it is premature to making a determination as to the implied covenant of good faith and fair dealing. Additionally, Defendants have submitted sufficient evidence to raise issues of material fact as to Plaintiff's assertions. As such, Plaintiff's motion for summary judgment as to breach of the covenant of good faith and dealing is denied. Defendant's motion to dismiss this claim is also denied.

### 3. Consumer Fraud Act

Plaintiff and Fleet cross-move for summary judgment as to Plaintiff's claims asserted under the Consumer Fraud Act ("CFA"). In its claim, Plaintiff alleges that Fleet violated the CFA by reducing the borrowing base and requiring weekly reporting. This argument is substantially similar to Plaintiff's claim for breach of contract.

Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law. Saltiel v. GSI Consultants, Inc., 788 A.2d 268, 280 (2002); see also Bracco Diagnostics Inc. v. Bergen Brunswig Drug Co., 226

F.Supp. 2d 557, 562 (D.N.J. 2002)("The economic loss doctrine 'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'")(citation omitted).

Here, the claims that Plaintiff seeks damages for under the CFA are incidental to the loan agreement. Maintenance of the borrowing base and the alleged reporting requirement violations are all part of the terms of the contract, whether or not it is proven that Fleet adhered to them. As such, Plaintiff's claim for damages under the CFA is appropriately dismissed under the economic loss doctrine. As such, Defendant's motion to for summary judgment on the CFA claim is granted and the claim is dismissed.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted in part and denied in part**. Plaintiff's motions to dismiss and for summary judgment are **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: December 16, 2005
Original: Clerk's Office
Cc: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File